**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

ANDREW JACKSON                                                                      PLAINTIFF
ADC # 166861

v.                                          2:21CV00129-KGB-JTK

GAYLON LAY, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker.   Any party may file written objections to all or part of this Recommendation.

If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your

objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this

Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.      Introduction**

Andrew Jackson ("Plaintiff") is confined in the East Arkansas Regional Unit ("EARU") of

the Arkansas Division of Correction ("ADC").   On September 9, 2021, Plaintiff filed this pro se

action under 42 U.S.C. § 1983 against numerous ADC officials.   (Doc. No. 2).   Plaintiff also

filed a Motion to Proceed In Forma Pauperis ("IFP Motion"), which was granted.   (Doc. Nos. 6,

8).

On May 1, 2023, this matter was reclassified as a "555" action for internal housekeeping

purposes and was referred to the undersigned.   (Doc. No. 7).   The Court will now screen

Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis

statute, as required.

## II.    Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).   See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780   F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

### A.    Plaintiff's Complaint

Plaintiff sued: Warden Gaylon Lay; Deputy Wardens Michael Richardson and Jeremy Andrews; Director Dexter Payne; Former Director Wendy Kelley; Major Kenyan Randall; Captain Roosevelt Barden;   Administrative   Specialist   Jacqueline   Yarbough;   Former   Administrators

Derrick Bailey and Jabreka Massey; K. Freeman; Arkansas Board of Corrections Secretary Tyrone Broomfield; Arkansas Board of Corrections Members John Felts, William Byers, Whitney Gass, and Lee Watson; Disciplinary Hearing Officer Janice Blake; Arkansas Board of Corrections Vice Chairman Bobby Glover; Arkansas Board of Corrections Chairman Benny Magness; the Arkansas Board of Corrections; and unidentified Doe Defendants—all in their official and personal capacities.  (Doc. No. 2 at 1-5).  Plaintiff says that he was wrongfully convicted and sentenced to eight years in the ADC.  (Id. at 7).  Plaintiff did not get timely notice of the appellate decision affirming his conviction.  (Id.).  Once Plaintiff learned that his appeal had been denied, he sought the help of an attorney to assist with filing a state postconviction action to challenge the wrongful conviction.  (Id.).  As a result of Defendants' allegedly unconstitutional policies, Defendants did not allow Plaintiff's lawyer to bring into the prison legal documentation regarding the postconviction action, and Plaintiff was unable to receive phone calls from his lawyer in a timely manner.  (Id. at 12).  Because Plaintiff was unable to review and execute the documentation, Plaintiff postconviction petition was deemed deficient and was denied.  (Id.).  A United States Magistrate Judge found Plaintiff was ineligible for habeas relief based on the fact that Plaintiff's state postconviction petition was deemed deficient and denied by the state court.  (Doc. No. 2 at 12).  Plaintiff maintains that Defendants unlawful policies and actions violated Plaintiff's right to access the courts and Plaintiff's right to counsel.  (Id.).

Plaintiff also alleges that Defendants retaliated against him for his filing of an earlier lawsuit and grievances in early June 2021.  (Id. at 13, 15).  As a result of his engagement in protected activities, Plaintiff says Defendants seized an envelope that was clearly marked "Legal Mail" and that displayed the name, title, and address of Plaintiff's attorney.  (Id. at 13).  Plaintiff alleged that Defendant Freeman "recorded the receipt of the legal mail and then proceeded

to provide the envelope to Defendant Barden." (Id. at 13). Defendant Barden then called Plaintiff "down to the main line under the pretense of distributing said legal mail." (Id.). In Plaintiff's presence, Defendant Barden opened the envelope, began to read the legal mail, then confiscated the mail because he did not recognize the sender as an attorney. (Doc. No. 2 at 13).

According to Plaintiff, that same day Plaintiff's attorney called and spoke to Defendant Richardson, who confirmed the attorney was on Plaintiff's mailing and visitation list. (Id.). Plaintiff's attorney confirmed that he sent the mail at issue. (Id.). Nonetheless, Defendant Richardson feigned not being able to determine the lawyer's identity as a pretext for retaliation. (Id.). Defendant Richardson also demanded that Plaintiff's attorney divulge information protected by the attorney-client privilege. (Id. at 14). The attorney refused, after which Defendant Richardson said that he would not transmit the legal mail to Plaintiff. (Id.). Plaintiff's attorney emailed Defendant Lay. (Id.). Sometime after, Plaintiff was called to the Warden's office where Defendants Richardson and Barden threatened Plaintiff with a major disciplinary if he did not disclose information protected by the attorney-client privilege. (Id.). Plaintiff refused and received a major disciplinary charge that was approved by Defendant Randall. (Doc. No. 2 at 14).

After a disciplinary hearing on June 18, 2021: Plaintiff's class was reduced; he was restricted from commissary, phone, and visitation for 90 days; he lost his card privileges; he was reassigned to a barracks "reserved for the unit's most violent and dangerous offenders"; he was placed in the hole without air conditioning for several days; and Plaintiff was reassigned to the hoe squad from his kitchen job. (Id. at 15). Plaintiff says these actions were taken by each Defendant in retaliation for Plaintiff filing grievances in June 2021, and to intimidate Plaintiff so he would refrain from accessing the court. (Id. at 16). Plaintiff alleges Defendants Lay, Richardson,

Andrews, Randall, and Barden failed to properly train or supervise to cure the deficiencies leading to Plaintiff's disciplinary. (Id. at 16-19).

Additionally, Plaintiff alleges Defendants Lay, Richardson, Barden and Freeman caused Plaintiff's mail to this Court to be delayed.   (Id. at 19).   Plaintiff complains that he placed a court filing in the mail on July 6, 2021 but the mail did not reach the court until July 14, 2021.   (Id.). Plaintiff maintains this was a violation of his right to access the courts.   (Doc. No. 2 at 19).

Plaintiff seeks: an injunction reinstating Plaintiff's petition for state postconviction relief; a declaratory judgment that Defendants' policies and practices are unlawful; and nominal damages, along with costs and fees.   (Id. at 20).

### B.   Personal Capacity Claims Under 42 U.S.C. § 1983

Plaintiff's claims fall under 42 U.S.C. § 1983.   "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."   Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

### 1.   Arkansas Board of Corrections

Plaintiff named as a Defendant the Arkansas Board of Corrections.   But the Board of Corrections is not subject to suit under 42 U.S.C. § 1983.   Rather, the Eleventh Amendment bars suit against a state and state agencies regardless of the relief sought; only state officials may be sued for prospective injunctive relief.   Monroe v. Arkansas State Univ., 495 F.3d 591, 594 (8th Cir. 2007) (internal citations omitted).

2.      **Access to the Courts: State Postconviction Relief**

Plaintiff's request for an injunction reinstating Plaintiff's petition for state postconviction relief fails for the reasons set out below.

a.      **Plaintiff's Claims Are Time Barred**

The limitations period for a § 1983 action is governed by the statute of limitations for personal-injury actions in the state in which the claim accrues.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995).  The Eighth Circuit has acknowledged that, in Arkansas, the general personal-injury statute of limitations is three years.  See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992); Morton v. City of Little Rock, 934 F.2d 180, 182–83 (8th Cir. 1991).  Therefore, § 1983 claims accruing in Arkansas have a three-year statute of limitations.

Although courts look to state law for the length of the limitations period, "the accrual date of a § 1983 action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007).  "The general rule is that a claim accrues at the time of the plaintiff's injury."  Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990) (citing Wehrman v. United States, 830 F.2d 1480, 1483 (8th Cir. 1987)).

The Court notes that Plaintiff filed an earlier casek, Jackson v. Lay, 2:21-cv-00059-BSM (E.D. Ark.), on June 1, 2021.  The Court may take judicial notice of the proceedings in Plaintiff's earlier case because it is directly related to the issues here.  Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996).  In Jackson v. Lay, 2:21-cv-00059-BSM, Plaintiff sued Gaylon Lay, Dexter Payne, Wendy Kelley, Kenyon Randall, Jacqueline Yarbough, Derrick Bailey, the Arkansas Board of Correction, the Arkansas Department of Correction, and John Does.  The case was dismissed on July 19, 2021 based on Plaintiff's pre-service Notice of Voluntary Dismissal after United States

Magistrate Judge Edie Ervin recommended Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted.   (Doc. Nos. 7, 8).

In Jackson v. Lay, 2:21-cv-00059-BSM, Plaintiff alleged, among other things:

> 16.     Plaintiff's conviction was upheld on direct appeal on April 4, 2018. Plaintiff was not promptly informed of the decision affirming his conviction by his appellate attorney and first learned of the ruling several weeks afterwards.

> 17.     Upon learning of the ruling, Plaintiff asked an attorney to assist him with preparing a state postconviction petition.   The attorney had previously been in communication with Plaintiff and had been approved on his friends/relatives visitation list.

> 18.     On Saturday, June 2, 2018, Plaintiff's attorney arrived at the East Arkansas Regional Unit . . . and requested to meet with his client so that he could review and execute documentation in connection with his state postconviction petition.

> 19.     Defendants permitted Plaintiff to meet with his attorney in a large room where other friends and relatives were meeting with inmates.   However, Defendants did not allow Plaintiff's attorney to bring the legal documentation into the facility. . . .

(Doc. No. 1 at 4-5).

Plaintiff went on to allege that "[d]ue to Defendants' unconstitutional policy, Plaintiff was unable to review and execute the documentation for his state postconviction relief.   As a result, his state postconviction relief was denied."   (Id. at 5).   These are the same claims brought in the pending case at hand.

In the pending case at hand, Plaintiff provides no dates as to when his attorney was not allowed to bring paperwork into the prison or when his Rule 37 petition was denied.   From Plaintiff's earlier case, Jackson v. Lay, 2:21-cv-00059-BSM, we know that took place in June

2018.   The denial of Plaintiff's state petition for postconviction relief was filed on July 20, 2018 in the Circuit Court of Garland County, Arkansas.   State v. Jackson, 26CR-15-226.[1]

While, as mentioned above, the statute of limitations for § 1983 actions is three years, the Arkansas savings statute, Ark. Code. Ann. § 16-56-126(a)(1), provides that a plaintiff "may commence a new action within one (1) year after the nonsuit suffered . . . ."   "Only causes of action pleaded in the non-suited action are tolled by the one-year savings statute."   Baker v. Chisom, 501 F.3d 920, 922 (8th Cir. 2007).   "[T]he savings statute . . . protects those who in good faith file and timely serve an action who would otherwise suffer a complete loss of relief on the merits due to a procedural defect."   Rettig v. Ballard, 2009 Ark. 629, 6 (2009).   The Court notes that only Defendants Lay, Payne, Kelley, Randall, Yarbough, Bailey, and Does were named as Defendants in Jackson v. Lay, 2:21-cv-00059-BSM.

Here, Plaintiff filed the pending action only months after his voluntary pre-service dismissal of his earlier case.   But because Defendants Lay, Payne, Kelley, Randall, Yarbough, Bailey, and Does were not served in Jackson v. Lay, 2:21-cv-00059-BSM, the savings statute does not apply to Plaintiff's claims in the case at hand, even if the statute were otherwise applicable. Nef v. Ag Servs. of Am., Inc., 79 Ark. App. 100, 109 (2002) ("[S]aving statute, however, does not apply if the plaintiff failed to complete timely service on the defendant.").

Plaintiff's claims related to the denial of his state petition for postconviction relief accrued by July 20, 2018, when the denial of Plaintiff's petition was filed.   Because Plaintiff began this

---

[1] Information available to the public at:
https://images.arcourts.gov/IMAGESimg/CK_Image.Present2?DMS_ID=D43571FCD816CA4A5BAE51F1E65DC8B4865F6EE66A7E5109D62E0032FE73CDBE751E597B1E738247E7E498F705336DB95C909B580649C6E6125772E951D32982&i_url=https://images.arcourts.gov/IMAGESimg   (last visited May 8, 2023).

case on September 29, 2021, more than three years after Plaintiff's cause of action accrued, these claims are time barred.

### b.     Other Obstacles

Even if Plaintiff's claims were not time barred, other obstacles block Plaintiff's path to relief.   Plaintiff alleges that as a result of Defendants' allegedly unlawful acts and policies, "Plaintiff suffered an actual and concreted injury by having his state postconviction petition denied and being deprived of the right to obtain habeas corpus relief," among other things.   (Doc. No. 2 at 12).   As written, Plaintiff alleges that but-for the allegedly unlawful acts of Defendants, he would have obtained (not *sought*, but *obtained*) habeas corpus relief.   As mentioned above, Plaintiff maintains he was wrongfully convicted.

To the extent Plaintiff alleges he would have been granted habeas relief but-for Defendants' unlawful policies and practices, if the Court found in favor of Plaintiff the result would call into question Plaintiff's convictions.   Heck v. Humphrey, 512 U.S. 477, 482-83 (1994).

As the United States Supreme Court has instructed:

> [W]hen a state prisoner seeks [relief] in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.   But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 487.   This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit."   Id. at 485 (internal citations omitted).   When a prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus."   Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

9

Further, Plaintiff asks the Court to reinstate Plaintiff's state petition for postconviction release.   This Court does not have the authority to do so.   See, for example, <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005).

### 3.   Additional Access to the Court Claim

To the extent Plaintiff alleges that Defendants violated his right to access the courts through refusing to let his attorney bring legal paperwork into the prison, that claim accrued in 2018 and is time barred, as set out above.

Additionally, Plaintiff alleges Defendants Lay, Richardson, Barden and Freeman caused Plaintiff's mail to this Court to be delayed in 2021.   (Doc. No. 2 at 19).   Plaintiff says he sent mail to the Court on July 6, 2021 but the mail did not reach the court until July 14, 2021.   (<u>Id</u>.). Plaintiff maintains Defendants caused the delay, and that the delay was a violation of his right to access the court.   (<u>Id</u>.).

Legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such."   <u>Gardner v. Howard</u>, 109 F.3d 427, 430 (8th Cir. 1997).   Because Plaintiff's allegations do not involve legal mail, the Court interprets Plaintiff's claim as falling under the First Amendment, rather than the Sixth Amendment.   <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 529, 576-77 (1974).

To state a First Amendment claim, a plaintiff must allege actual injury – in an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim"   <u>Hartsfield v. Nichols</u>, 511 F.3d 826, 831 (8th Cir. 2008).   Plaintiff has not alleged any harm from the purported delayed mail.   Accordingly, Plaintiff failed to state a First Amendment claim in connection with his delayed mail.

#### 4.      Legal Mail

Plaintiff alleges Defendant Burton opened and read the contents of an envelope to Plaintiff from Plaintiff's attorney that was marked "Legal Mail."   (Doc. No. 2 at 13).   To the extent Plaintiff alleged violation of his Sixth Amendment right to counsel, Plaintiff's claim fails because he has not explained how he was substantially prejudiced by any alleged government interference. See Weatherford v. Bursey, 429 U.S. 545, 558 (1977).

#### 5.      Retaliation

Plaintiff asserts that Defendants retaliated against him for his filing of an earlier lawsuit and in retaliation for filing grievances in early June 2021.   (Doc. No. 2 at 13, 15).

To state a § 1983 retaliation claim, a plaintiff must plead that: (1) he was engaged in a protected activity; (2) the defendant "took official adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity."   Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013)   (internal citation omitted); De Rossitte v. Correct Care Solutions, LLC, 22 F.4th 796, 804 (8th Cir. 2022).   Establishing retaliatory animus is crucial to a plaintiff's retaliation claim. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).   See also Bitzan v. Bartruff, 916 F.3d 716, 717 (8th Cir. 2019) (affirming summary judgment where plaintiff did not allege facts connecting defendants to the challenged actions); Antonelli v. Tipton, Case No. 08-3123, 2009 WL 4825169 at *904 (8th Cir. Dec. 16 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").   As explained in Rienholtz v. Campbell, "an inmate cannot immunize himself . . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted).   "If that were so, then

every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." Id.

To the extent Plaintiff alleges retaliation based on his earlier lawsuit (Doc. No. 2 at 13, 14), the Court did not serve Plaintiff's claims against Defendants in Jackson v. Lay, 2:21-cv-00059-BSM (E.D. Ark.), and apparently Plaintiff did not serve Defendants, either. Nothing in the record indicates any Defendant ever knew of Plaintiff's filing of the lawsuit.

To the extent Plaintiff alleges retaliation based on grievances (Doc. No. 2 at 15), Plaintiff does not say that he named any Defendant in any grievance he filed in June 2021. As such, Plaintiff has failed to establish retaliatory animus. Accordingly, his allegations of retaliation fail to state a claim on which relief may be granted. Without retaliation, there is no basis for a false disciplinary claim. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Further, Plaintiff does not state a due process claim in connection with any of the punishment he received as a result of the disciplinary: reduction in class; 90-days restriction from commissary, phone, and visitation; loss of card privileges; inability to receive package from family; loss of kitchen job; brief placement in isolation; and reassignment to different barracks. Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990) (no protected liberty interest in class status); Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (30 days in punitive isolation is not a "dramatic departure from the basic conditions of confinement."), Phillips v. Norris, 320 F.3d 844, 846-47 (8th Cir. 2003); Kennedy, 100 F.3d at 642-43 & n.2 (8th Cir. 1996) (no protected liberty interest in commissary, phone, or visitation privileges); Battle v. Minnesota Dep't of Corr., 40 F. App'x 308, 310 (8th Cir. 2002) (no protected liberty interest in job assignment); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (no right under due process clause to be housed in any particular barracks).

####        6.        Failure to Train or Supervise

Plaintiff has also alleged failure to train and supervise, and failure to take corrective action. (Doc. No. 2 at 16-18, for example).   The Court has found that the allegations in Plaintiff's Complaint fail for the reasons set out above.   Without an underlying violation, Plaintiff's failure to train and supervise and failure to take corrective action claims likewise fail.   Frentzel v. Boyer, 297 F. App'x 576, 577 (8th Cir. 2008); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.        This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2.        The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[3]

3.        The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dated this 10th day of May, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE