IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ANDREW JACKSON**  **PLAINTIFF**
**#166861**

v.  **Case No. 2:21-cv-00129-KGB**

**GAYLON LAY, Warden,**
**EARU, ADC,** *et al.*  **DEFENDANTS**

**ORDER**

Before the Court is the Proposed Findings and Recommendations ("Recommendation") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 9). Plaintiff Andrew Jackson filed objections (Dkt. No. 10). For the reasons below, after consideration of the Recommendation and objections, along with a *de novo* review of the record, the Court adopts Judge Kearney's Recommendation as its findings of fact and conclusions of law (Dkt. No. 9). In this Order, the Court addresses certain of Mr. Jackson's objections.

**I.   Background**

On September 29, 2021, Mr. Jackson filed his complaint in this case (Dkt. No. 2). Mr. Jackson alleges that defendants' actions and policies prevented him from timely filing his state petition for postconviction relief,[1] that they illegally delayed and searched his legal mail, and that they retaliated against him for communicating with his attorney and perhaps for seeking relief from this Court and filing grievances (*Id.*, at 8-13).

Previously, on June 1, 2021, Mr. Jackson filed a separate complaint based on the same underlying claim regarding his petition for state postconviction relief (Dkt. No. 9, at 6-9). *Jackson*

---

[1] Mr. Jackson filed a postconviction petition for *habeas corpus* relief that was fully adjudicated in federal court in the Western District of Arkansas. *See Jackson v. Payne*, Case No. 6:19-cv-06049 (SCH) (W.D. Ark.).

*v. Lay*, Case No. 2:21-cv-00059-BSM (E.D. Ark.). According to Mr. Jackson, he voluntarily dismissed the first case prior to service to pursue the prison grievance process then filed this case when his grievance was denied and when the grievance process was exhausted (Dkt. No. 10, ¶ 1).

## II. Sovereign Immunity

Judge Kearney recommends that Mr. Jackson's claims against the Arkansas Board of Corrections be dismissed because they are barred by sovereign immunity (Dkt. No. 9, at 5). Mr. Jackson's objections do not respond to or rebut this portion of the Recommendation (Dkt. No. 10). Accordingly, the Court approves and adopts the Recommendation as this Court's findings with regard to Mr. Jackson's claims against the Arkansas Board of Corrections (Dkt. No. 9, at 5). Mr. Jackson's claims against the Arkansas Board of Corrections are dismissed without prejudice for failure to state a claim.

## III. The Statute Of Limitations

Judge Kearney recommends that Mr. Jackson's claims related to his state petition for postconviction relief be dismissed because they are barred by the statute of limitations (Dkt. No. 9, at 6-9). Judge Kearney explains that Mr. Jackson's claims related to the denial of his state petition for postconviction relief accrued on July 20, 2018, and that his prior case, *Jackson v. Lay*, Case No. 2:21-cv-00059-BSM (E.D. Ark.), was filed within the three-year statute of limitations on June 1, 2021, but that the current case was filed after the three-year period (Dkt. No. 9, at 6-9). After being given an opportunity to amend to state a viable claim and when confronted with a Recommended Disposition that recommended dismissal of his claims for failure to cure through amendment the deficiencies noted in the Court's prior Order, Mr. Jackson voluntarily dismissed the prior case before service (*Id.*, at 8; *see also Jackson v. Lay*, Case No. 2:21-cv-00059-BSM (E.D. Ark.)). Judge Kearney recommends that the Court find that the statute of limitations was

not tolled pursuant to Arkansas Code Annotated § 16-56-126 because, under Arkansas law, the "savings statute . . . does not apply if the plaintiff failed to complete timely service on the defendants" (*Id.* (quoting *Nef. v. Ag Servs. Of Am., Inc.*, 79 Ark. App. 100, 109 (2002)).

Mr. Jackson objects to this portion of the Recommendation, arguing that the statute of limitations was tolled between the dates of filing of his first and second complaint (Dkt. No. 10, ¶ 1). Mr. Jackson explains that he voluntarily dismissed the initial complaint when he was informed that the administrative grievance process was available and that he promptly refiled after his grievance was denied and all administrative appeals were exhausted (*Id.*). Mr. Jackson argues that the statute of limitations should be equitably tolled while he completed the administrative grievance process (*Id*).

Pursuant to the Prison Litigation Reform Act, prisoner complaints in federal court are not served until they have been screened to determine whether they are frivolous, malicious, or fail to state a claim. 28 U.S.C. § 1915A. Mr. Jackson's complaint in the prior case was not served because, after being given an opportunity to amend, the complaint failed to state a claim. After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court adopts Judge Kearney's Recommendation with regard to its discussion of the statute of limitations and the Arkansas savings statute. Mr. Jackson's claims are time barred. Moreover, the Court after careful consideration of the Recommendation, the objections, and a *de novo* review of the record adopts Judge Kearney's Recommendation with regard to the other obstacles that block Mr. Jackson's path to relief on these claims, even if these claims were not time barred (Dkt. No. 9, at 9-10).

3

**IV.     State Postconviction Relief And Access To The Court**

Mr. Jackson alleges that defendants' unlawful acts and policies caused his state petition for postconviction relief to be denied and asks the Court to reinstate the petition (Dkt. No. 2, at 12). As an initial matter, Mr. Jackson filed a postconviction petition that was fully adjudicated in federal court in the Western District of Arkansas.  *See Jackson v. Payne*, Case No. 6:19-cv-06049 (SCH) (W.D. Ark.).  That case addressed in the context of Mr. Jackson's request for *habeas corpus* relief the issues about which Mr. Jackson now complains.  In the current case, Judge Kearney recommends that Mr. Jackson's claims arising out of these allegations be dismissed because, if the Court found in favor of Mr. Jackson on his current allegations, it would call into question his state convictions in violation of *Heck v. Humphrey*, 512 U. S. 477 (1994) (Dkt. No. 9, at 9).  In addition, Judge Kearney recommends that Mr. Jackson's request that the Court reinstate his state petition for postconviction relief be denied because this is beyond the Court's power (*Id.*, at 10).

In his objections, Mr. Jackson argues that a ruling in his favor would not call into question his convictions because, by reinstating his convictions, the Court would only be putting him back in the position he would have been in had it not been for defendants' conduct (Dkt. No. 10, ¶ 2).

After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court adopts Judge Kearney's recommendation with respect to Mr. Jackson's claims that defendants' unlawful acts and policies caused on or around 2018 his state petition for postconviction relief to be denied and with respect to Mr. Jackson's request for an injunction reinstating his state petition for postconviction relief (Dkt. No. 9, at 9-10).

To the extent Mr. Jackson alleges a First Amendment access to the Courts claim based on events that he claims occurred in 2021, after careful consideration of the Recommendation, the

objections, and a *de novo* review of the record, the Court adopts Judge Kearney's recommendation with respect to Mr. Jackson's First Amendment claim based on these events (*Id.*, at 10-11).

V.     **Retaliation**

Judge Kearney recommends that Mr. Jackson's retaliation claim be dismissed because Mr. Jackson's first complaint was never served, so there is no evidence in the record that defendants were aware of it (Dkt. No. 9, at 11, 12).  In his objections, Mr. Jackson argues that defendants were aware of the complaint because, as he alleged in his complaint, they read all the mail, both legal and non-legal, that Mr. Jackson sends or receives (Dkt. Nos. 2, at 13; 10, ¶ 5).

Mr. Jackson's complaint alleges that defendants Freeman, Barden, Richardson, Randall, and Blake were involved in this retaliation and that the events giving rise to the retaliation claims occurred in or about 2021 (Dkt. No. 2, at 13-15).  Mr. Jackson's complaint does not make clear whether he contends his protected First Amendment activity was the prior lawsuit, grievances he claims to have filed in June 2021, or his receipt of mail from his lawyer.  The allegations in Mr. Jackson's complaint that support these claims center around his alleged receipt of legal mail from his lawyer (*Id.*, at 13).  He does not contend that legal mail was opened outside of his presence; instead, Mr. Jackson asserts defendants opened the legal mail and read it in front of Mr. Jackson (*Id.*, ¶¶ 68-69).  The Court observes that it is not clear that this alleged conduct was constitutionally impermissible.  *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Gardner v. Howard*, 109 F.3d 427 (8th Cir. 1997).  Further, to the extent Mr. Jackson bases this claim on grievances, his complaint does not say that he named any defendant in any grievance he filed in 2021.

Moreover, retaliation claims require that, for a plaintiff to sufficiently plead that an adverse action was motivated in part by plaintiff's exercise of his constitutional rights, a plaintiff must satisfy the "heavy burden of showing that the prison officials who disciplined him had an

5

impermissible motive for doing so, and that *but for* this impermissible motive, the disciplinary charges would not have been brought." *Orebaugh v. Caspari*, 910 F.2d 526, 529 (8th Cir. 1990) (emphasis added). That burden cannot be met with speculative or conclusory allegations. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (dismissing plaintiff's retaliation claim because defendant's motive was speculative and conclusory). Mr. Jackson fails to meet this high threshold based on the allegations in his complaint, including the grievances he filed on this issue. The grievances and disciplinary documents attached to the complaint suggest that disciplinary action may have been taken against Mr. Jackson for his failing to cooperate with prison officials when asked to do so (*see* Dkt. No. 2, at 22-23, 40-44).

For these reasons, after careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court adopts Judge Kearney's recommendation with respect to Mr. Jackson's retaliation claims and in regard to any claim of a false disciplinary (Dkt. No. 9, at 11-12).

### VI. Failure To Train And Supervise

Judge Kearney recommends that Mr. Jackson's claims for failure to train and supervise be dismissed because the underlying violations should also be dismissed (Dkt. No. 9, at 13). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court adopts Judge Kearney's recommendation with respect to Mr. Jackson's failure to train and supervise claims (*Id.*, at 13).

### VII. Conclusion

For the foregoing reasons, after consideration of the Recommendation and objections, along with a *de novo* review of the record, the Court adopts Judge Kearney's Recommendation as its findings of fact and conclusions of law (Dkt. No. 9). The Court dismisses without prejudice

Mr. Jackson's claims for failure to state a claim upon which relief may be granted. The Court recommends that this dismissal count in the future as a strike for purposes of 28 U.S.C. § 1915(g). The Court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and Judgment would not be taken in good faith.

It is so ordered this 30th day of September, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge